# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0316-25** |
| vs. | **DECISION AND ORDER** |
| **CHRIS JUNIOR ANDERSON TEDTAOTAO,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 29, 2026, for hearing on Defendant **CHRIS JUNIOR ANDERSON TEDTAOTAO's** ("Defendant") Motion to Dismiss. Present were Assistant Attorney General Nicholas Ennis on behalf of the People of Guam ("the Government") and Defendant with counsel, George N. Valdes. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 16, 2025, Defendant was indicted with the following charges: (1) Possession of a Concealed Firearm (As a Third Degree Felony); (2) Possession of a Firearm without a Firearms Identification Card (As a Third Degree Felony); (3) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (4) Theft by Receiving Stolen Firearm (As a Third Degree Felony); (5) Impersonating a Police Officer (As a Misdemeanor); (6) Eluding a Police Officer (As a Misdemeanor); and (7) Display of Blue Lights (As a Violation). (Indictment, May 16, 2025). On September 9, 2025, a grand jury returned a Superseding Indictment, adding the charge

of Theft by Receiving Stolen Firearm (As a Third Degree Felony). (Superseding Indictment, Sept. 9, 2025).

On April 6, 2026, Defendant filed the instant Motion. On April 20, 2026, the Government filed its Opposition. On April 27, 2026, Defendant filed his Reply.

On April 29, 2026, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Third Charge of Possession of an Unregistered Firearm (As a Third Degree Felony) and the Fifth Charge of Theft by Receiving a Stolen Firearm (As a Third Degree Felony), as contained in the Superseding Indictment because the Government cannot prove either charge beyond a reasonable doubt.[1] *See generally,* Mot. Dismiss, Apr. 6, 2026. The Government opposes, arguing that Defendant applies the wrong legal standard and is disputing factual matters reserved for trial. *See generally,* Opp'n, Apr. 20, 2026. In Reply, Defendant also argues that there was insufficient evidence presented to the grand jury to support a finding of probable cause for the Fifth Charge. (Reply at 2, Apr. 27, 2026).

As an initial matter, Defendant relies on 8 G.C.A. § 90.21(a), which describes the burden of proof at trial.[2] As the Government correctly sets forth, section 90.21 does not govern grand

---

[1] Charges Three and Five of the Superseding Indictment read as follows:

### CHARGE THREE

On or about May 8, 2025, in Guam, **CHRIS JUNIOR ANDERSON TEDTAOTAO,** did commit the offense of ***Possession of an Unregistered Firearm (As a 3rd Degree Felony),*** in that he knowingly own or possesses an unregistered firearm, in violation of 10 GCA §§ 60110 and 60121(a).

### CHARGE FIVE

On or between April 19, 2025 through May 8, 2025, inclusive, in Guam, **CHRIS JUNIOR ANDERSON TEDTAOTAO,** did commit the offense of ***Theft by Receiving Stolen Firearm (As a 3rd Degree Felony),*** in that he did intentionally receive, retain and dispose of the movable property of ***Kristopher Ryan Canciller Ilagan,*** that is, a firearm, knowing that it had been stolen or believing that it had probably been stolen, in violation of 9 GCA §§ 43.50(a), 43.20(b), and 43.15.

(Superseding Indictment, Sept. 9, 2025).

[2] Section 90.21(a) provides that "[n]o person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." 8 GCA § 90.21(a).

jury proceedings. At this stage, the question is whether the grand jury had probable cause to return the charges set forth in the indictment. *See* 8 G.C.A. § 50.54(b) (emphasis added) (the grand jury "shall find an indictment when from the evidence presented there is *reasonable cause* to believe that an indictable offense has been committed and that the defendant committed it."); *People v. San Nicolas,* 2013 Guam 21 ¶ 10 ("An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."); *Costello v. United States,* 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."). "The key to ensuring that the grand jury system works as it should is to ensure that the grand jury has indicted based on a finding of probable cause for the 'offense charged.'" *Id.* at ¶ 21 (citation omitted). "For purposes of this statute . . . 'reasonable cause' and 'probable cause' are equivalent in meaning." *Id.* at ¶ 12, fn. 5 (citations omitted).

## A. Charge Three – Possession of an Unregistered Firearm

The Third Charge of the Superseding Indictment alleges Defendant violated 10 GCA §§ 60110 and 60121(a). (Superseding Indictment, Sept. 9, 2025). Under Guam law, it is a criminal offense to knowingly own or possess an unregistered firearm. 10 G.C.A. § 60121(a). "Any person purchasing, receiving by gift, device or otherwise, acquiring or otherwise coming into permanent possession of a firearm, the possession of which is permitted by [Guam law], shall register the same with the Department within three (3) working days after acquiring said firearm." 10 G.C.A. § 60110. Although Defendant argues that it would be "legally impossible" to convict him of the Third Charge beyond a reasonable doubt, the standard at this stage is whether or not probable cause exists to support the charge. Officer Eugene Pewtress and OAG Investigator Hugh Williams testified before the grand jury regarding the recovery of the firearm under the front passenger seat of Defendant's vehicle; the attempted obliteration of the serial number; investigative steps linking the firearm to a burglary; and how the firearm passed through several individuals before coming into Defendant's possession, none of whom were the registered owner. Although the firearm was registered to Michael Thomason, Jr. – a fact presented to the grand jury

– it was not registered to Defendant. In light of the evidence presented to the grand jury, the Court finds that probable cause exists to support Charge Three and therefore declines to dismiss it at this stage.

## B. Charge Five – Theft by Receiving Stolen Firearm

The Fifth Charge of the Superseding Indictment alleges that Defendant violated 9 GCA §§ 43.50(a); 43.20(b); and 43.15. Under Guam law, a person commits an offense if he "intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen." 9 G.C.A. § 43.50(a). Here, Defendant argues that neither Thomason, the registered owner of the firearm, nor Kristopher Illagan, were ever shown the firearm recovered from the Tahoe to confirm that it was the same firearm reported stolen. (Mot. at 4). Defendant further contends that because the firearm reported stolen by Ilagan actually belonged to Thomason, Charge Five would be "impossible to prove beyond a reasonable doubt." *Id.* at 5. As previously noted, however, the standard at this stage is not proof beyond a reasonable doubt, but whether probable cause exists to support the charge. The grand jury heard testimony that the firearm had been in Ilagan's possession before he reported it stolen, and that another individual admitted to selling the firearm to another person who ultimately transferred it to Defendant. Under Guam law, "property of another includes property in which any person other than the defendant has an interest that the defendant is not privileged to infringe, regardless of the fact that the defendant also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband." 9 G.C.A. § 43.10(e). The statutory definition is broad and does not require the stolen firearm to belong exclusively to Ilagan.

Defendant also argues that the grand jury lacked sufficient evidence to find probable cause because "there is no indication that [it] ever received information that the purported serial number of the firearm 'was difficult to discern'" nor was the firearm presented for its view. (Reply at 2). Officer Pewtress testified before the grand jury that the serial number plate had been scraped – an attempted obliteration – and that the serial number was therefore difficult to read. The evidence before the grand jury—including the chain of transfers, the attempted obliteration of the serial

number, and the firearm's recovery from the vehicle Defendant was driving—likewise supports a reasonable inference that Defendant knowingly received stolen property. Defendant's challenges to the quality of the identification, the ownership chain, or the credibility of witness statements go to evidentiary weight and are issues for the trier of fact. Accordingly, the Court declines to dismiss Charge Five at this time.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED** this 17th day of July, 2026.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
G. Valdes, AG

Date: 7/17/26 Time: 10:04 am
Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

_People v. Tedtaotao_
Case No. CF0316-25
Decision and Order